# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RHONDA C. PLATT | § § | |
| v. | § § | Civil Action No. 4:16-CV-00294 |
| | § | Judge Mazzant |
| BRIENNE LEE NASH, STEPHEN THOMAS PLATT, BANNER LIFE INSURANCE COMPANY | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Brienne Lee Nash ("Brienne") and Stephen Thomas Platt's ("Stephen") Motion to Dismiss or Transfer (Dkt. #17). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff Rhonda C. Platt ("Plaintiff") is the second wife and widow of Raymond Platt ("Raymond") (Dkt. #9 at p. 1). Defendants Brienne and Stephen are Raymond's children from a prior marriage (Dkt. #9 at p. 1). In 2006, Raymond purchased a $750,000 life insurance policy (the "policy") from Defendant Banner Life Insurance Company ("Banner Life") (Dkt. #9 at p. 2). Raymond named Plaintiff as the sole beneficiary of the policy (Dkt. #9 at p. 2).

In June 2015, Raymond was diagnosed with cirrhosis of the liver and was hospitalized in Texas on multiple occasions from June to November 2015 (Dkt. #9 at p. 3–4). On November 20, 2015, Raymond was discharged from Plano Medical Center and flew to Virginia to live with Brienne (Dkt. #9 at p. 3; Dkt. #17 at p. 5). On December 23, 2015, Raymond electronically changed the policy so that Rhonda became a 30 percent beneficiary of the policy, Brienne became a 40 percent beneficiary of the policy, and Stephen became a 30 percent beneficiary of

the policy (Dkt. #9 at p. 5; Dkt. #17 at p. 17).  Raymond died on December 26, 2015 (Dkt. #9 at p. 5).

On February 11, 2016, Plaintiff sent Brienne a letter threatening to file suit if she did not disavow any claim to the proceeds of the policy (Dkt. #17, Exhibit 8).  On February 29, 2016, Brienne's counsel stated he would respond to Plaintiff's letter shortly (Dkt. #21 at p. 4).  On March 17, 2016, Brienne and Stephen filed suit against Plaintiff and Banner Life in the Western District of Virginia seeking a declaration that the changes Raymond made to the policy are valid and binding (Dkt. #17, Exhibit 9).  On April 25, 2016, Plaintiff filed her Original Petition in the Collin County District Court (Dkt. #1, Exhibit 1).  On May 5, 2016, Brienne and Stephen filed a Notice of Removal (Dkt. #1).  On June 5, 2016, Plaintiff filed an Amended Complaint (Dkt. #9) seeking a declaration that the changes to the policy are null and void and alleging 1) undue influence; 2) constructive fraud; and 3) breach of fiduciary duty.  On June 28, 2016, Brienne and Stephen filed a Motion to Dismiss or Transfer (Dkt. #17).  On July 15, 2016, Plaintiff filed a response (Dkt. #21).

## LEGAL STANDARD

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. CIV.A. 1:08-CV-029, 2008 WL 1836384, at *5 (E.D. Tex. Apr. 22, 2008) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).  A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule.  *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999).  This role is to decide whether the moving party in the second-filed court has demonstrated a "substantial overlap" between the two

2

suits. *Id*. If the moving party satisfies this overlap requirement, the second-filed court allows the first-filed court to "resolve the question of whether both [cases] should be allowed to proceed." *Id*. "Therefore, the first-to-file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Huntsman*, 2008 WL 1836384, at *5 (citations omitted).

The first-to-file rule does not apply where the first suit is brought in anticipation of the second suit. *See American Reliable Ins. Co. v. Arrington*, 269 F. Supp. 2d 758, 760 (S.D. Miss. 2003); *California Sec. Co-op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 319 (E.D. Tex. 1995). However, "the question of whether the first-filed action was an improper anticipatory filing is for the first-filed court to determine." *Huntsman*, 2008 WL 1836384, at *5 (citing *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006)).

## ANALYSIS

Here, the first action was filed on March 17, 2016 in the Western District of Virginia (Dkt. #17, Exhibit 9). As the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits. The Court finds that there is, as both suits seek to determine whether the changes made to the policy are valid and enforceable. Plaintiff argues that the first-to-file rule is inapplicable because the first suit was an anticipatory filing (Dkt. #21 at p. 3). However, the question of whether the first-filed action was an improper anticipatory filing is for the Western District of Virginia, as the first-filed court, to determine. *See Huntsman*, 2008 WL 1836384, at *5 (citing *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006)).

3

Case 7:16-cv-00586-GEC    Document 42    Filed 10/14/16    Page 3 of 4    Pageid#: 651

## CONCLUSION

It is therefore **ORDERED** that the Motion to Dismiss or Transfer (Dkt. #17) is hereby **GRANTED** and this case is transferred to the United States District Court for the Western District of Virginia, Roanoke Division.

**SIGNED this 14th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE